# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **Cincinnati Insurance Co., Inc.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| **v.** ) | **CASE No: 3:09-0405** |
| ) | **Judge Aleta Trauger** |
| **James Allen Short, et al.,** ) | **Magistrate John Bryant** |
| ) | **Jury Demand on Counter-Claim** |
|     **Defendants.** ) | |
| ) | |

## FOLLOW-UP CASE MANAGEMENT ORDER

Prior to the Follow-up Case Management Conference of April 28, 2010, Plaintiff, Cincinnati Insurance Co. ("Cincinnati") and Defendants, James Allen Short ("Mr. Short") and Able Constructors of Tennessee, LLC ("ACT"), submit the following Proposed Follow-up Case Management Order in conformity with the Local Rules of this Court.

**1. Jurisdiction**: The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 in that the amount of the matter in controversy exceeds $75,000, and the parties are citizens of different states. Further, Cincinnati brings the action seeking a declaratory judgment and this cause is properly before this Court under the Declaratory Judgment Act, 28 U.S.C. §2201 et. seq. In his Answer, Mr. Short disputes jurisdiction under the doctrine of prior suit pending.

**2. Service of Process and Status of Responsive Pleadings:**

Mr. Short and ACT received service of process in this case and service of process is not disputed. Mr. Short filed an Answer and Counter Complaint on July 29, 2009. ACT filed its Answer on July 29, 2009.

**3. Issues in Dispute:** Cincinnati seeks a declaration of the rights and obligations of the parties to a policy of insurance. Separately, Mr. Short seeks a determination of the amount

of his damages resulting from an accident for which he filed a lawsuit that is presently before the Circuit Court for Wilson County, Tennessee, Docket No. 15308.

## 4. Theory of Cincinnati:

Cincinnati issued to ACT a commercial motor carrier liability policy of insurance, which included uninsured motorist carrier coverage. The policy covered a 1997 Ford F-150 pickup truck owned by ACT. At all times relevant to this action, the policy was in effect.

On November 18, 2007, Mr. Short drove the truck eastbound on Interstate I-40 when Isidor Olozhno Gutierrez, operating a 2007 Ford pickup truck owned by Ovilglido Sanchez, crossed into Mr. Short's lane of traffic and struck his vehicle. The collision seriously injured Mr. Short and rendered the vehicle a total loss.

At the time of operation of the vehicle, Mr. Short had limited permission to use the vehicle. ACT's owner, Matt Summers, had allowed Mr. Short to use the vehicle for work-day travel back and forth between his home and an ACT worksite. This limited permission was born out of convenience, since Defendant's home was located in between the worksite and ACT's office location.

At the time of the collision, Mr. Short was not traveling to or from work; instead, he was returning from Nashville to his home in Cookeville after playing a gig in Nashville with his band. At no time did ACT give to Mr. Short permission to use the vehicle for his personal use, or for any other purpose other than to travel to and from the worksite and his home.

Because of this, Mr. Short is not an additional insured for purposes of the uninsured motorist coverage provided by Cincinnati Insurance Policy. On the counter-complaint, Cincinnati reserves the right to contest liability and the damages claimed by Mr. Short

**5. Theory of Mr. Short:**

At the time of the accident, Mr. Short was operating the vehicle in question either with permission or with a reasonable belief that he was entitled to do so. As a result, he is entitled to insurance coverage by Plaintiff, including compensatory damages for the injuries he suffered in the accident.

**6. Theory of ACT:**

As provided more specifically in its Answer, ACT has essentially adopted Cincinnati's position in this dispute. Mr. Short was not an additional insured at the time of the accident, and subsequently, he is not entitled to uninsured motorist coverage or the benefits under the policy at issue.

**7. Discovery Schedule**:

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. The discovery schedule is as follows:

  a) The deposition of Plaintiff regarding the accident and damages will be completed on or before June 15, 2010;
  b) All medical discovery will be completed on or before August 31, 2010;
  c) Plaintiff will disclose his experts on or before September 30, 2010;
  d) Defendants will disclose their experts on or before October 30, 2010;
  e) Plaintiff will disclose his rebuttal expert(s) on or before November 30, 2010;
  f) All Expert discovery will be completed on or before January 31, 2011.

ENTERED this the 30th day of April, 2010.

_____
THE HONORABLE ALETA A. TRAUGER
U.S. District Judge

**APPROVED FOR ENTRY:**

/s/ *Daniel Olivas*
R. Dale Bay (BPR No. 10896)
Daniel W. Olivas (BPR No. 24641)
Lewis, King, Krieg & Waldrop, PC
424 Church Street, Suite 2500
P.O. Box 198615, Nashville, TN 37219
dbay@lewisking.com
dolivas@lewisking.com
(615) 259-1366
*Counsel for Plaintiff Cincinnati Insurance Co.*

*/s/Benjamin Marsee*
Benjamin D. Marsee (BPR No. 27401)
David Day (BPR No. 10941)
19 South Jefferson Avenue
Cookeville, TN 38501
efiling@daviddaypc.com
(931) 528-7002
*Counsel for Defendant James Allen Short*

*/s/Matthew Blackburn*
Thomas I. Carlton, Jr. (BPR No. 2759)
J. Matthew Blackburn (BPR No. 27105)
Ben M. Rose (BPR No. 021254)
CORNEILUS & COLLINS, LLP
Suite 1500, Nashville City Center
P. O. Box 190695
Nashville, TN 37219
ticarlton@cornelius-collins.com
jmblackburn@cornelius-collins.com
(615) 244-1440
*Attorneys for Defendant Able Constructors of Tennessee, LLC*